UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SISTER E. JONES-BEY,

                              Plaintiff,

                -against-

STATE OF NEW YORK,

                              Defendant.

24-CV-8734 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated November 25, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses this action, but grants Plaintiff 30 days' leave to replead the claims in an amended complaint, as specified below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In this complaint, naming the State of New York, Plaintiff asserts the following facts.[1]

> Islam. Since my manifestation on the planet earth 8th March 1988. The most recent offence on 10/2/24. The Defendants, by way of chartered entities, agencies, entities, officers, employees, and contractors have allowed for me to be subjected to malicious violations of my inalienable rights secured by the Constitution of the United States of America.

(*Id.* ¶ III.)

---

[1] The Court quotes from the complaint verbatim. All capitalization, punctuation, omissions, and grammar are in the original.

Plaintiff seeks the "return of all real property and finances held by the State of New York Comptroller," and one billion dollars in damages. (*Id.* ¶ IV.)

## DISCUSSION

### A.    Federal pleading rules

The complaint does not comply with Rule 8's requirement that it provide a short and plain statement explaining what happened and showing that Plaintiffs are entitled to relief. The complaint contains only general allegations that Plaintiff's rights were violated, which are essentially just legal conclusions. Plaintiff does not provide the factual detail necessary for the Court to understand exactly what occurred or whether anyone may be held legally responsible for violating her rights. *See Iqbal*, 556 U.S. at 678 (a complaint must "allow[] the [C]ourt to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged").

The Court grants Plaintiff leave to file an amended complaint to provide more information about the events giving rise to this action.

### B.    New York State is immune from suit

Because Plaintiff asserts that her constitutional rights have been violated, the Court construes the complaint as asserting a claim under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has

not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Any claims that Plaintiff is asserting under Section 1983 against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In an abundance of caution, and in light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii-iii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

4

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

  Dated:   January 13, 2025
           New York, New York

                              /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____                    ____ Civ. _____ ( ____ )

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*                    **AMENDED**
                                                                                        **COMPLAINT**

                    -against-

_____                    Jury Trial:   □ Yes      □ No

_____                                  (check one)

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*


I.        **Parties in this complaint:**


A.        List your name, address and telephone number.  If you are presently in custody, include your
          identification number and the name and address of your current place of confinement.  Do the same
          for any additional plaintiffs named.  Attach additional sheets of paper as necessary.


Plaintiff        Name _____

                 Street Address _____

                 County, City _____

                 State & Zip Code _____

                 Telephone Number _____


B.        List all defendants.  You should state the full name of the defendant, even if that defendant is a
          government agency, an organization, a corporation, or an individual.  Include the address
          where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
          contained in the above caption.  Attach additional sheets of paper as necessary.


*Rev. 12/2009*                                    1

Defendant  No. 1    Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____


Defendant  No. 2    Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____


Defendant  No. 3    Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____


Defendant  No. 4    Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

□ Federal Questions                □ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

**III.    Statement of Claim:**

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.    Facts: _____

What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

**V.       Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address        _____

_____

_____

Telephone Number       _____

Fax Number *(if you have one)*   _____

Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
must also provide their inmate numbers, present place of confinement, and address.


For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

Signature of Plaintiff:   _____

Inmate Number        _____